IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FARLEY LEE, : | |
| : | Case No. 1:15CV0091 |
| Plaintiff, : | |
| : | Judge PATRICIA A. GAUGHAN |
| v. : | |
| : | |
| THE CLEVELAND CLINIC : | **DEFENDANTS THE CLEVELAND** |
| FOUNDATION, et al., : | **CLINIC FOUNDATION AND** |
| : | **JOSALYN MEYER'S ANSWER TO** |
| Defendants. : | **PLAINTIFF'S COMPLAINT** |
| : | |

NOW COMES Defendants The Cleveland Clinic Foundation and Josalyn Meyer (hereinafter, "Defendants"), by and through counsel, and for their Answer to Plaintiff Farley Lee's Complaint, hereby state as follows:

## INTRODUCTION

Defendants admit that Plaintiff purports to bring this action against them for alleged violations of the Age Discrimination in Employment Act, 29 U.S.C. 621 *et seq.* (the "ADEA"), Chapter 4112 of the Ohio Revised Code, Ohio common law and Title VII of the Civil Rights Act.  Defendants deny that they violated any law.

## JURISDICTION & VENUE

1.  Defendants admit that, upon information and belief, Plaintiff is an Ohio citizen.

2.  Defendants admit the allegations set forth in Paragraph 2 of Plaintiff's Complaint.

3.  Defendants admit that The Cleveland Clinic Foundation is an Ohio non-profit corporation conducting business in the United States and the State of Ohio, and during the applicable period had in excess of 100 employees.  Defendants deny the remaining allegations set forth in Paragraph 3 of Plaintiff's Complaint.

4. The allegations set forth in Paragraph 4 call for a legal conclusion to which no response is required. To the extent an answer is required, Defendants admit that Plaintiff is an "employee" and a "person" as defined by the ADEA.

5. The allegations set forth in Paragraph 5 call for a legal conclusion to which no response is required. To the extent an answer is required, Defendants admit that Plaintiff is an "employee" as defined by Chapter 4112 of the Ohio Revised Code.

6. The allegations set forth in Paragraph 6 call for a legal conclusion to which no response is required. To the extent an answer is required, Defendants admit that Meyer is a "person," and "individual," but deny that Meyer is an "employer," as defined by Chapter 4112 of the Ohio Revised Code.

7. The allegations set forth in Paragraph 7 call for a legal conclusion to which no response is required. To the extent an answer is required, Defendants admit that The Cleveland Clinic Foundation is a "person," an "individual," a "covered entity" and an "employer" as defined by the ADEA, Chapter 4112 of the Ohio Revised Code and Title VII.

8. The allegations set forth in Paragraph 8 call for a legal conclusion to which no response is required. To the extent an answer is required, Defendants admit that jurisdiction is proper in this Court, but deny that they violated any anti-discrimination laws.

9. Defendants deny the allegations set forth in Paragraph 9 of Plaintiff's Complaint.

10. The allegations set forth in Paragraph 10 call for a legal conclusion to which no response is required. To the extent an answer is required, Defendants admit that venue is proper in this Court, but deny that any events occurred that would give rise to any claims brought by Plaintiff.

## FACTS APPLICABLE TO ALL CAUSES OF ACTION

11. Defendants incorporate their responses to Paragraphs 1 through 10 as if fully rewritten herein.

12. Defendants admit that The Cleveland Clinic Foundation employed Plaintiff from approximately September 1976 until July 20, 2014 at which time Plaintiff voluntarily resigned her employment. Defendants deny the remaining allegations set forth in Paragraph 12 of Plaintiff's Complaint.

13. Defendants deny the allegations set forth in Paragraph 13 of Plaintiff's Complaint.

14. Defendants admit that Josalyn Meyer currently holds the position of Nurse Manager, Cardiac Stepdown and supervised Plaintiff at the time she resigned her employment with The Cleveland Clinic Foundation. Defendants deny the remaining allegations set forth in Paragraph 14 of Plaintiff's Complaint.

15. Defendants deny the allegations set forth in Paragraph 15 of Plaintiff's Complaint.

16. Defendants deny the allegations set forth in Paragraph 16 of Plaintiff's Complaint.

17. Defendants deny the allegations set forth in Paragraph 17 of Plaintiff's Complaint.

18. Defendants deny the allegations set forth in Paragraph 18 of Plaintiff's Complaint, as Plaintiff resigned her employment with The Cleveland Clinic Foundation.

## FIRST CAUSE OF ACTION
**(Age Discrimination in Violation of the ADEA and O.R.C. Chapter 4112)**

19. Defendants incorporate their responses to Paragraphs 1 through 18 as if fully rewritten herein.

20. Defendants admit the allegations set forth in Paragraph 20 of Plaintiff's Complaint.

21. Defendants deny the allegations set forth in Paragraph 21 of Plaintiff's Complaint.

22. Defendants deny the allegations set forth in Paragraph 22 of Plaintiff's Complaint.

23. Defendants deny the allegations set forth in Paragraph 23 of Plaintiff's Complaint.

24. Defendants deny the allegations set forth in Paragraph 24 of Plaintiff's Complaint, as Plaintiff resigned her employment with The Cleveland Clinic Foundation.

25. Defendants deny the allegations set forth in Paragraph 25 of Plaintiff's Complaint.

26. Defendants deny the allegations set forth in Paragraph 26 of Plaintiff's Complaint.

27. Defendants deny the allegations set forth in Paragraph 27 of Plaintiff's Complaint.

28. Defendants deny the allegations set forth in Paragraph 28 of Plaintiff's Complaint.

29. Defendants deny the allegations set forth in Paragraph 29 of Plaintiff's Complaint.

**SECOND CAUSE OF ACTION**
**(Retaliation in Violation of O.R.C. Chapter 4112, Title VII and the ADEA)**

30. Defendants incorporate their responses to Paragraphs 1 through 29 as if fully rewritten herein.

31. Defendants deny the allegations set forth in Paragraph 31 of Plaintiff's Complaint.

32. Defendants deny the allegations set forth in Paragraph 32 of Plaintiff's Complaint.

33. Defendants deny the allegations set forth in Paragraph 33 of Plaintiff's Complaint.

34. Defendants deny the allegations set forth in Paragraph 34 of Plaintiff's Complaint.

35. Defendants deny the allegations set forth in Paragraph 35 of Plaintiff's Complaint.

**THIRD AND FOURTH CAUSE OF ACTION**
**(Race and National Origin Discrimination in Violation of R.C. 4112 and Title VII)**

36. Defendants incorporate their responses to Paragraphs 1 through 35 as if fully rewritten herein.

37. Defendants denies, for lack of information and knowledge sufficient to form a belief as to the truth thereof, the allegations set forth in Paragraph 37 of Plaintiff's Complaint.

38. Defendants deny the allegations set forth in Paragraph 38 of Plaintiff's Complaint.

39. Defendants deny the allegations set forth in Paragraph 39 of Plaintiff's Complaint.

40. Defendants deny the allegations set forth in Paragraph 40 of Plaintiff's Complaint.

41. Defendants deny the allegations set forth in Paragraph 41 of Plaintiff's Complaint.

42. Defendants deny the allegations set forth in Paragraph 42 of Plaintiff's Complaint.

43. Defendants deny the allegations set forth in Paragraph 43 of Plaintiff's Complaint.

44. Defendants deny the allegations set forth in Paragraph 44 of Plaintiff's Complaint.

## FIFTH CAUSE OF ACTION
### (Negligent Retention, Supervision, and Hiring against CCF)

45. Defendants incorporate their responses to Paragraphs 1 through 44 as if fully rewritten herein.

46. Defendants deny the allegations set forth in Paragraph 46 of Plaintiff's Complaint.

47. Defendants deny the allegations set forth in Paragraph 47 of Plaintiff's Complaint.

48. Defendants deny the allegations set forth in Paragraph 48 of Plaintiff's Complaint.

49. Defendants deny the allegations set forth in Paragraph 49 of Plaintiff's Complaint.

50. Defendants admit that Meyer is currently employed by The Cleveland Clinic Foundation.

51. Defendants deny the allegations set forth in Paragraph 51 of Plaintiff's Complaint.

52. Defendants deny the allegations set forth in Paragraph 52 of Plaintiff's Complaint.

53. Defendants deny the allegations set forth in Paragraph 53 of Plaintiff's Complaint.

## SIXTH CAUSE OF ACTION
### (Intentional Inflection of Emotional Distress)

54. Defendants incorporate their responses to Paragraphs 1 through 53 as if fully rewritten herein.

55. Defendants deny the allegations set forth in Paragraph 55 of Plaintiff's Complaint.

56. Defendants deny the allegations set forth in Paragraph 56 of Plaintiff's Complaint.

57. Defendants deny the allegations set forth in Paragraph 57 of Plaintiff's Complaint.

58. Defendants deny the allegations set forth in Paragraph 58 of Plaintiff's Complaint.

59. Defendants deny the allegations set forth in Paragraph 59 of Plaintiff's Complaint.

60. Defendants deny the allegations set forth in Paragraph 60 of Plaintiff's Complaint.

## SEVENTH CAUSE OF ACTION
### (Aiding and Abetting)

61. Defendants incorporate their responses to Paragraphs 1 through 60 as if fully rewritten herein.

62. Defendants deny the allegations set forth in Paragraph 62 of Plaintiff's Complaint.

63. Defendants deny the allegations set forth in Paragraph 63 of Plaintiff's Complaint.

64. Defendants deny the allegations set forth in Paragraph 64 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

65. Defendants deny the allegations contained in the Prayer for Relief and deny that Plaintiff is entitled to any of the relief she seeks in her Prayer for Relief.

66. Defendants deny each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim, in whole or in part, upon which relief can be granted.

2. Plaintiff's claims are barred by the applicable statute of limitations.

3. Plaintiff's claims are barred by and under the doctrine of laches, waiver, estoppel and unclean hands.

4. There is no factual or legal basis for an award of compensatory or punitive damages against Defendants.

5. There is no factual or legal basis for an award of pre-judgment or post-judgment interest.

6. There is no factual or legal basis for declaratory or injunctive relief against Defendants.

7. Defendants acted in good faith at all times.

8. Plaintiff has failed to mitigate her damages, if any.

9. Plaintiff's damages, if any, should be offset by any subsequent earnings or benefits received by Plaintiff.

10. Defendants actions were for legitimate, non-discriminatory business reasons.

11. Because any actions taken by Defendants regarding Plaintiff were taken in good faith, in accordance with The Cleveland Clinic Foundation's internal policies against discrimination, and not taken wantonly or with malice or bad faith or reckless indifference to Plaintiff's protected rights, Defendants did not willfully violate any laws with respect to their treatment of Plaintiff, thereby negating Plaintiff's entitlement to punitive damages.

12. Defendants were privileged to take any and all actions they took with respect to Plaintiff.

13. Plaintiff's claims are foreclosed and her damages limited by the after-acquired evidence doctrine.

14. Some or all of Plaintiff's claims are barred, in whole or in part, due to her failure to exhaust administrative prerequisites prior to filing suit.

15. Plaintiff cannot establish a *prima facie* case with respect to any of the claims alleged in her Complaint.

16. Plaintiff's claims are subject to the provisions of the Ohio Tort Reform Act, O.R.C. §2315.18, *et seq.*, including but not limited to the provision regarding bifurcation of her punitive damages claims and evidence regarding alleged punitive damages.

17. Plaintiff's claim for compensatory damages is subject to the limitations of O.R.C. §2315.18.

18. Plaintiff's claim for punitive damages is subject to the limitations of O.R.C. §2315.12.

19. Any award of punitive damages would be grossly excessive and would violate the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

20. At all times relevant hereto, Plaintiff was treated in a manner consistent with similarly-situated employees.

21. Plaintiff is not entitled to the recovery of costs and attorneys' fees.

22. Defendants allege that if Plaintiff suffered from emotional distress, it was proximately caused, in whole or in part, by factors other than Plaintiff's employment, actions of Defendants or anyone acting on their behalf, or either of these.

23. Plaintiff's purported claims are barred in whole or in part by Plaintiff's failure to utilize internal complaint procedures available to her regarding the matters alleged in the Complaint.

24. Defendants exercised reasonable care to prevent and promptly correct any allegedly harassing behavior, and Plaintiff failed to make reasonable efforts to avail herself of

the preventative and corrective opportunities provided by The Cleveland Clinic Foundation or to avoid harm otherwise

25. Any conduct alleged by Plaintiff was not severe and pervasive so as to alter the conditions of employment to create a hostile work environment.

26. Even if Defendants harbored an unlawful, discriminatory or retaliatory animus, which they expressly deny, Defendants would have taken the same action against Plaintiff regardless.

27. Plaintiff's claims are barred because she voluntarily resigned her employment with The Cleveland Clinic Foundation, and was not terminated, constructively or otherwise.

28. Defendants reserve the right to raise additional defenses if and when such defenses are warranted and discovered.

          Respectfully submitted,

          */s/ Edward H. Chyun*
          Robert M. Wolff (0006845)
          Edward H. Chyun (0076880)
          Littler Mendelson, P.C.
          1100 Superior Avenue, 20th Floor
          Cleveland, Ohio 44114
          (216) 696-7600
          (216) 696-2038 (Fax)
          rwolff@littler.com
          echyun@littler.com

          Attorneys for Defendants,
          The Cleveland Clinic Foundation and Josalyn Meyer

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2015, a copy of the foregoing *Defendants The Cleveland Clinic Foundation and Josalyn Meyer's Answer to Plaintiff's Complaint* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Edward H. Chyun*
Edward H. Chyun (0076880)
One of the Attorneys for Defendants

Firmwide:132163353.2 056130.1187